### West Chicago St. R. R. Co. v. Bernhard Kromshinsky.

1. EVIDENCE—*Introduction of Trip-Sheet.*—It is not error to allow a street car conductor, when called as a witness, to refresh his memory by referring to a trip-sheet made by him, in obedience to a rule of the company, on the night of the injury.

**Action in Case**, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. MCARDLE, of counsel.

C. HELMER JOHNSON, attorney for appellee; JOHN F. WATERS, of counsel.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought to recover damages for personal injuries. The injury to appellee was caused by his falling or being "jerked" off of the middle car of a train of street cars. The attorney for appellant states in his brief that the following are the errors complained of, viz. :

## I.

" The court erred in denying defendant's motions to exclude the evidence and in refusing to give its peremptory instructions as requested.

## II.

The court erred in denying defendant's motion for a new trial on the ground that the verdict is against the law and the evidence and the weight of evidence.

## III.

The court erred in giving two of the instructions given at the request of the plaintiff.

## IV.

The court erred in excluding the trip-sheet offered in evidence by the defendant."

First. There was no error by the trial court in refusing to instruct the jury to find the appellant not guilty. The evidence was such that it would have been improper and erroneous for the trial judge to have thus taken the case from the jury.

Second. The motion for a new trial was upon the theory that the verdict is against the law and the evidence and the weight of evidence. The testimony was in some respects conflicting. Referring to the testimony of two of the witnesses as to the speed at which the train was running, attorney for appellant in his brief says, " It is impossible to reconcile the testimony of these two witnesses." The testimony is also conflicting as to what caused appellee to fall so that he was injured. It is the same as to whether the car upon which appellee was riding was a closed or an open car.

The verdict of the jury is not so against the weight of evidence as that this court would be warranted in setting it aside. We are not prepared to say that it is not in accordance with the weight of evidence. As we have before had occasion to say, it is not necessary to review the testimony at length and in detail. To do so would serve no good purpose as a guide or aid in the trial of other cases.

Third.   Did the court err in giving instructions asked by appellee?   The instruction especially complained of is this:

" 1.   The court instructs the jury that it is the duty of a railroad company to exercise the highest degree of care and caution consistent with the practical operation of the road for the safety and security of passengers while being transported."

It was not error to give that instruction.   The appellant was a railroad company and the appellee was a passenger. The rule as to the duty of the appellant is correctly stated. Appellant, however, contends that this instruction is erroneous because it does not also instruct the jury as to due care on the part of the passenger.   It is also contended that " It is not enough to say that the question of the plaintiff's care was submitted by other instructions."   Such contentions can not be sustained.   The jury was fully instructed upon this question, just as requested by appellant.   The instructions, when considered together, as they should be, present the question as fully and as favorably to the appellant as it was entitled to have them.   Appellant's instructions alone occupy nine pages of the printed abstract.

Fourth.   Did the trial court err in excluding the trip-sheet offered in evidence by the appellant?

It is urged that it was a question of some importance at the trial as to whether the car upon which appellee had been riding, and from which he fell, was an open or a closed car.   To support appellant's contention it offered in evidence what is called a trip-sheet.   Its admission was objected to and the objection was sustained.   It is urged that said trip-sheet was made by the conductor in obedience to a rule of the appellant company.   It is not a record required by law.

The conductor who prepared the trip-sheet was called as a witness.   He said that he prepared the sheet the night that appellee was injured.   It was handed to him when he was testifying.   With the sheet before him he testified to the number of the car, without objection.   There was no

testimony tending to show that the trip-sheet was not as the conductor testified. It does not appear that there was anything more upon the trip-sheet that was important in this case. It being a statement in writing, made by the witness at the time, it was competent for him to examine it for the purpose of refreshing his memory. That he did, and testified positively to all that there was in the trip-sheet that was pertinent to the question for which it was offered in evidence. It was not error to exclude it.

Appellee's foot was amputated in consequence of the injury complained of. The damages are not excessive. No reason is apparent why he should not recover the amount of the verdict in this case.

The judgment of the Circuit Court is affirmed.